United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 01-20973

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL STRAIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-00-CR-132-2)
--------------------

Before JOLLY and WIENER, Circuit Judges and WALTER,[*] District
Judge.

PER CURIAM:[**]

Defendant-Appellant Daniel Strain appeals his conviction by a

jury on 13 of 21 counts in an indictment for student financial aid

fraud in violation of 20 U.S.C. § 1097(a). He also appeals the

sentence and restitution imposed by the district court as well.

Regarding his conviction, Strain contends that the evidence was

insufficient to prove beyond a reasonable doubt that he knowingly

---

[*] District Judge of the Western District of Louisiana,
sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and willfully misapplied any student aid funds, within the contemplation of § 1097(a). Regarding his sentence, Strain contends that (1) he cannot be held liable for an amount of loss not proved to the jury beyond a reasonable doubt because facts that increase the maximum sentence available under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") must, under Apprendi v. New Jersey, 530 U.S. 466 (2000), be charged in the indictment and be proved to and found by the jury beyond a reasonable doubt; (2) the district court's calculations of the amount of loss are incorrect; and (3) he did not abuse a public trust within the contemplation of the Guidelines. We affirm Strain's conviction and the sentence imposed, including restitution.

To be guilty of violating § 1097(a), Strain had to have consciously, voluntarily, and intentionally exercised and authorized control or dominion over federally-provided or guaranteed Title IV funds by fraud, false statement, or forgery that interfered with the rights of the funds' true owner or owners, for Strain's use and benefit or the use and benefit of another, when Strain knew that such an exercise of control or dominion over the funds was a violation of law.[1] For Strain to be guilty of aiding and abetting the commission of an offense (which he was found to have done), he had to have associated with a criminal

---

[1] See Bates v. United States, 522 U.S. 23, 30 and n.7 (1997).

2

venture, participated in that venture, and sought by his action to make the venture succeed.[2] We have meticulously reviewed the record on appeal, including all testimony (among which was that of Strain) and exhibits, and are satisfied that, irrespective of which standard of review is applied, the evidence, including that apparently credited by the jury, is more than sufficient to support Strain's conviction on all counts of which he was found guilty.

As for his sentence, Strain first complains that the district court erred in increasing his score under the Guideline, albeit within the statutory range, for the amount of loss or intended loss of the fraudulent scheme at issue. First, as the prison term imposed did not exceed the statutory maximum of five years, Apprendi is not implicated. Second, our painstaking review of the proof supporting by a preponderance of the evidence the actual loss in excess of $1.025 million, and the intended loss of more than $1.3 million and actual loss in excess of $1.1 million, as determined in the presentencing report ("PSR") are sufficient to justify the court's use of the intended loss as greater than the actual loss pursuant to U.S.S.G. § 2F1.1, Comment (Background). Indeed, both the actual and intended losses exceed the minimum amount of $800,000 required for an 11-level upward adjustment under the Guidelines. Our review and analysis of the PSR and its several addenda satisfies us that, under either plain error or clear error,

---

[2] United States v. Garcia, 242 F.3d 593, 596 (5th Cir. 2001); United States v. Fierro, 38 F.3d 761, 768 (5th Cir. 1994).

3

the district court's determination of the amounts of actual and intended loss is not erroneous.

Finally, Strain's complaint that he could not have violated a public trust within the intendment of U.S.S.G. § 3B1.3 because his position was irrelevant to the commission of the fraud, is unavailing. The record evidence in this regard, including, for example, the nature of Strain's responsibilities in the welding school operations, his falsifying of student records such as fraudulent GED certificates, and his interaction with, and training and supervision of, the person who submitted the false or misleading information regarding the unaccredited school, sufficiently undergirds the district court's determination that Strain abused his position of public trust within the intendment of § 3B1.3, eschewing error in that regard.

The district court's conviction of Strain based on the jury's finding of guilt on 13 counts of the indictment, and all aspects of the sentence imposed are, in all respects,

AFFIRMED.